MOLLOY, District Judge,
Concurring:
I join in the majority opinion because there is no question that, under our case law, the opinion is sound. But I am compelled to note a concern.
My concern is the direction that the harmless error doctrine has taken — the development of the “guilty anyway” rule: Even when there is admitted error, even when the prosecution bases its argument on potentially prejudicial extra-record evidence, and even when the evidence is remote beyond relevance, the law requires us to conclude that the mistakes were of no legal consequence because the admissible proof shows that the defendant is “guilty anyway.”
The harmless error doctrine might have noble origins. After all, it counsels us to defer to the jury’s decision, despite minor errors, when the evidence clearly weighs against the defendant. But, at some point, the doctrine threatens the substantive fairness of a trial, the goal of which is to ferret out the truth through rigorous advocacy under an historical safeguard of adherence to the principles and rules of a fair trial.
When evidence of prior conduct under Rule 404(b) is admitted, the rule should be something more than a rule that can be reduced to an anything goes proposition. When the trial court rightly limits the testimony of a witness (in Agent Livingston’s case to a very narrow purpose), it is untoward for the prosecutor to disregard the judge’s rulings and to make use of the evidence in a manner that the judge expressly disallowed. To then admit to us on appeal that the inappropriate use of that evidence at trial and in closing argument was an error, but made no difference, disrespects the rule of law and the institutional obligations that lawyers have to the court and to the administration of justice.
The guilty anyway rule does nothing to ensure that an over zealous prosecutor will be constrained by the rules and the trial judge’s rulings. If fact, it does the opposite. It simply enforces the notion that it is easier to ask for forgiveness on appeal than it is to ask permission at trial.
But, as the majority points out, the trial court’s application of the rules of procedure, the rules of evidence, and our application of the harmless error doctrine do not occur in a vacuum. The trial judge, for instance, can only serve his or her function in a system of advocacy when the advocates exercise their institutional roles and obligations. This means, in part, that defense counsel must raise meritorious ob *790 jections at trial, rather than wait and present the objections for the first time on appeal. Tactical decisions are a part of every trial, but tactics do not usurp the obligation to toe the mark when it comes to ensuring fairness in the trial process. In this case, as the majority notes, the constraints placed on our review require defense counsel to make a proper record.
I join the majority, but I have grave concerns that the trial process increasingly drifts toward not a search for the truth through a rigorous rule based undertaking but a process where close enough counts in government work. If the law was not so clear on the issues raised in this appeal, I would reverse the convictions and send the case back for a new trial where the lawyers are compelled to do the job they are supposed to do.